UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **Don Peterson,** | § | |
| **Mack Peterson,** | § | |
| **Lonny Peterson,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| *and,* | § | C.A. No._____ |
| **Carol Ann Manley,** | § | |
| **David Troy Peterson,** | § | |
| **The Estate of Ruby S. Peterson,** | § | **Jury Demanded** |
| **John Doe,** | § | |
| **Jane Doe,** | § | |
| **Doe, Inc.,** | § | |
| *Indispensable Party Plaintiffs* pursuant | § | |
| to Federal Rule of Civil Procedure 19, | § | |
| | § | |
| *v.* | § | |
| | § | |
| **Silverado Senior Living, Inc.** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF DON PETERSON, PLAINTIFF MACK PETERSON, AND PLAINTIFF LONNY PETERSON'S ORIGINAL COMPLAINT

To the Honorable United States District Judges for the Texas Southern District:

COMES NOW Plaintiff Don Peterson, Plaintiff Mack Peterson, and Plaintiff Lonny Peterson before these Honorable Courts, respectfully complaining of Defendant, averring in support thereof as follows:

1

## A. PARTIES

1. Plaintiff Don Peterson[1] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Don Peterson is effective pursuant to Federal Rules of Civil Procedure 4 and 5 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, telephone: (713) 335-8945, telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

2. Plaintiff Mack Peterson is an adult citizen resident domiciliary of Hays County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Mack Peterson is effective pursuant to Federal Rules of Civil Procedure 4 and 5 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, telephone: (713) 335-8945, telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

3. Plaintiff Lonny Peterson is an adult citizen resident domiciliary of Harris County, Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Lonny Peterson is effective pursuant to Federal Rules of Civil Procedure 4 and 5 by their delivery to Plaintiffs' lead counsel of

record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, telephone: (713) 335-8945, telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

4. Indispensable Party Plaintiff Carol Ann Manley[2] is an adult citizen resident domiciliary of Fort Bend County, Texas and the United States of America, and Executrix of the Estate of Ruby S. Peterson, as well as, a trustee of the Peterson Family Trust II. Service of process of pleadings, instruments, discovery and other documents upon Indispensable Party Plaintiff Ms. Manley is effective by delivering them to her address at 7915 Veramonte Court, Sugar Land, Texas 77479.

5. Indispensable Party Plaintiff David Troy Peterson[3] is an adult citizen and resident domiciliary of Harris County Texas and the United States of America, and executor of the Estate of Ruby S. Peterson, as well as, a trustee of the Peterson Family Trust II. Service of process of pleadings, instruments, discovery and other documents upon Indispensable Party Plaintiff Mr. Peterson is effective by delivering them to his address at 402 Fintona Way, Houston, Texas 77015.

6. Indispensable Party Plaintiff the Estate of Ruby S. Peterson is an estate of the decedent Ruby S. Peterson who was an individual and a citizen of Texas.

---

[1] Collectively with Mack Peterson and Lonny Peterson as the "Peterson Plaintiffs".
[2] Indispensable Party Plaintiff Carol Ann Manley is herein sometimes referred to as the "Indispensable Party Plaintiff".

7. Defendant Silverado Senior Living, Inc. is a Foreign For Profit Corporation doing business in Texas as Silverado Senior Living, Inc., and has its principal place of business at 27123 Calle Arroyo, San Juan Capistrano, California, 92675.[4] Service of process of pleadings, instruments, discovery and other documents upon Defendant Silverado Senior Living, Inc. is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their registered agent for service of process, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## B. JURISDICTION

8. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Peterson Plaintiffs and Defendant Silverado are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## C. VENUE

9. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Southern District of Texas and this Houston Division.

---

[3] Indispensable Party Plaintiff David Troy Peterson is herein sometimes referred to as the "Indispensable Party Plaintiff".
[4] "Defendant Silverado".

## D. CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## E. FACTS

11. Plaintiff Don Peterson, Plaintiff Mack Peterson, Plaintiff Lonny Peterson, Indispensable Party Plaintiff Carol Ann Manley, and Indispensable Party Plaintiff David Troy Peterson are the surviving children of Ruby S. Peterson, the decedent, and they are also the beneficiaries of the Estate of Ruby S. Peterson, the Indispensable Party Plaintiff. Upon information and belief, the then living Decedent Ruby S. Peterson, by and through Indispensable Party Plaintiff Carol Ann Manley and Indispensable Party Plaintiff David Troy Peterson, entered into an agreement with Defendant Silverado for elder care on or about September 2013 without Decedent Ruby S. Peterson's active consent utilizing Powers of Attorney which Decedent Ruby S. Peterson had entered into in the 1990s which were unknownst to the other Peterson siblings.

12. On or about 15 November 2013 the then living Decedent Ruby S. Peterson revoked the Power of Attorney that she allegedly had with Indispensable Party Plaintiff Carol Ann Manley, and Indispensable Party Plaintiff David Troy Peterson, and then the then living Decedent Ruby S. Peterson entered into a new Power of Attorney assigning Plaintiff Don Peterson and Plaintiff Mack Peterson as her newly appointed attorneys in fact.

13. Plaintiff Don Peterson and Plaintiff Mack Peterson then informed Defendant Silverado to release the then living Decedent Ruby S. Peterson from the Sugar Land Texas Silverado facility. However, Defendant Silverado refused to acknowledge that the prior Power of Attorney had been revoked and voided by the then living Decedent Ruby S. Peterson, and Defendant Silverado further refused to acknowledge the Power of Attorney Plaintiff Don Peterson and Plaintiff Mack Peterson had with the then living Decedent Ruby S. Peterson and to acquiesce to Plaintiff Don Peterson and Plaintiff Mack Peterson's demand to release the then living Decedent Ruby S. Peterson from the Silverado facility.

14. On 11 January 2015, at Silverado Senior Living, Inc., in Fort Bend County, Texas, Decedent Ruby Peterson died while being unlawfully detained at a Silverado Senior Living, Inc. facility in Sugar Land, Texas.

15. Defendant Silverado and its employees caused Decedent Ruby S. Peterson to die through their breaches of their legal duties to protect and administer physically to the needs and well-being of now decedent Ruby S, Peterson, which they failed to do.

16. Defendant Silverado had an affirmative legal duty to safeguard and take care of the then living Decedent Ruby Peterson.

17. Defendant Silverado breached that duty by negligent omissions and commissions, as well as, by those negligent acts of its servants, agents, and employees.

18. The Estate of Ruby S. Peterson suffered damages for which it now seeks *inter alia* a money judgment in these premises. The Peterson Plaintiffs suffered damages for which they now seek *inter alia* a money judgment in these premises.

### F. COUNT 1 – Wrongful Death

19. Plaintiff Don Peterson, Plaintiff Mack Peterson, and Plaintiff Lonny Peterson reassert, replead and incorporate by reference the factual allegations contained in the preceding paragraphs and those that hereinafter follow.

20. Plaintiff Don Peterson, Plaintiff Mack Peterson, Plaintiff Lonny Peterson, Indispensable Party Plaintiff Carol Ann Manley, and Indispensable Party Plaintiff David Troy Peterson are the surviving children of Ruby S. Peterson, the decedent, and they are also the beneficiaries of the Estate of Ruby S. Peterson.

21. Decedent Ruby Peterson died as a result of the Defendant Silverado's wrongful conduct while being unlawfully detained at a Defendant Silverado Senior Living, Inc.'s facility in Sugar Land, Texas against her will.

22. Decedent Ruby S. Peterson would have been entitled to bring this action against Defendant Silverado had Decedent lived.

23. Defendant Silverado and its employees caused Decedent Ruby S. Peterson's demise and death.

24. Defendant Silverado had a legal duty to safeguard and take care of the then living Decedent Ruby S. Peterson.

25. Defendant Silverado breached that legal duty through their negligence, as well as, that negligence of its servants, agents, and employees.

26. Decedent Ruby S. Peterson died on 11 January 2015.

27. Decedent Ruby S. Peterson was under the care, custody, and control of Defendant Silverado at the time of her death.

28. The Peterson Plaintiffs and the Estate of Ruby S. Peterson were damaged, and they seek money damages, general damages, past medical expenses, pecuniary loss, loss of companionship and society, reimbursement to heirs.

29. <u>Exemplary damages.</u> Decedent's death resulted from Defendant's willful act or omission or from Defendant's gross negligence, including conscious indifference, which entitles Decedent's heirs of Decedent's body and her Estate to exemplary damages under Texas Constitution Article 16, § 26.

## G. COUNT 2 – Breach of Contract

30. Plaintiff Don Peterson, Plaintiff Mack Peterson, and Plaintiff Lonny Peterson reassert, replead and incorporate by reference the factual allegations contained in the preceding paragraphs and those that hereinafter follow.

31. Defendant Silverado and Decedent Ruby S. Peterson, by and through

Indispensable Party Plaintiff Carol Ann Manley and Indispensable Party Plaintiff David Troy Peterson utilizing powers of attorney entered into an agreement on or about September 2013 to perform elder care for the Decedent Ruby S. Peterson, even though it was against her will. The agreement provided that Defendant Silverado, in exchange for payment, would provide elder care to Decedent Ruby S. Peterson.

32. Decedent Ruby S. Peterson fulfilled all of her obligations under the agreement, actual and/or implied.

33. Defendant Silverado committed breaches to the agreement, actual and/or implied, through acts of omission and commission.

34. Defendant Silverado's breaches of actual or implied contract caused injury to Decedent Ruby S. Peterson and to her Estate, which resulted in damages.

35. The Peterson Plaintiffs and the Peterson Indispensable Party Plaintiffs together with the Indispensable Party Plaintiff Estate of Ruby S. Peterson seeks unliquidated damages, as well as, attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001.

### H. PETITION TO COMPEL AND MANDATE THE EXECUTOR DAVID TROY PETERSON AND EXECUTRIX CAROL ANN MANLEY JOIN IN THIS COMPLAINT

36. The Peterson Plaintiffs further petition this Honorable Federal District Court to compel and mandate the Executor, Indispensable Party Plaintiff David Troy Peterson, and Executrix, Indispensable Party Plaintiff Carol Ann Manley, for the Estate of Ruby S.

Peterson to join in seeking damages for the wrongful death and breach of contract claims herein asserted by their sibling Plaintiffs.

## I. ALTERNATIVE BREACH OF CONTRACT CLAIM ON BEHALF OF THE ESTATE OF RUBY S. PETERSON

37. Plaintiff Don Peterson, Plaintiff Mack Peterson, and Plaintiff Lonny Peterson reassert, replead and incorporate by reference the factual allegations contained in the preceding paragraphs and those that hereinafter follow.

38. In the alternative, Indispensable Party Plaintiff the Estate of Ruby S. Peterson is entitled to damages against the Defendant Silverado for breach of contract for elder care.

39. Defendant Silverado and Indispensable Party Plaintiff the Estate of Ruby S. Peterson entered into an agreement, by and through Indispensable Party Plaintiff Carol Ann Manley and Indispensable Party Plaintiff David Troy Peterson, with Indispensable Party Plaintiff the Estate of Ruby S. Peterson on or about September 2013 to perform elder care for Indispensable Party Plaintiff the Estate of Ruby S. Peterson. The agreement provided that Defendant Silverado, in exchange for payment, would provide elder care to the Estate of Ruby S. Peterson.

40. Indispensable Party Plaintiff the Estate of Ruby S. Peterson fulfilled all of her obligations under the agreement.

41. Defendant Silverado did breach the agreement, actual and/or implied.

42. Defendant Silverado's breach caused injury to Indispensable Party Plaintiff the

Estate of Ruby S. Peterson, which resulted in damages.

43. The Indispensable Party Plaintiff Estate of Ruby S. Peterson is entitled to seek unliquidated damages, as well as, attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001.

## J. DAMAGES

44. As a direct and proximate result of Defendant Silverado's conduct, the Peterson Plaintiffs suffered the following damages: Physical pain and mental anguish in the past and future.

45. The Peterson Plaintiffs also seek damages for the Defendant Silverado's breach of the agreement, actual and/or implied for elder care.

46. Further, in the alternative, damages are sought for the Indispensable Party Plaintiff Estate of Ruby S. Peterson for Defendant Silverado's breach of the agreement for elder care.

## K. GENERAL RELIEF SOUGHT

47. The Peterson Plaintiffs further plead for General Relief.

## L. JURY TRIAL DEMANDED

48. The Peterson Plaintiffs respectfully demand a trial by jury.

## **PRAYER**

WHEREFORE THE PREMISES CONSIDERED, Peterson Plaintiffs move and pray these Honorable Courts grant the Peterson Plaintiffs the following Relief:

That Defendant Silverado Senior Living, Inc. be summoned and required to answer;

That upon a jury verdict after a trial on the merits that these Courts enter a judgment favorable to Peterson Plaintiffs consistent with such verdict;

That Peterson Plaintiffs be awarded nominal, actual, compensatory and punitive damages, as allowable by law;

That Peterson Plaintiffs be awarded pre-judgement and post judgement interest, as allowable by law;

That Peterson Plaintiffs be awarded attorneys' fees and costs, as allowable by law;

That these Honorable Courts grant to Peterson Plaintiffs whatever other relief at law or in equity to which they might be entitled, or the nature of this Cause might require, as these Honorable Courts deem meet, just and proper.

The Peterson Plaintiffs pray for general relief.

The Peterson Plaintiffs demand a trial by jury.

Respectfully submitted,

By: /s/ Donald T. Cheatham
Donald T. Cheatham
Attorney at Law
SBN: 24029925
SDTX: 32456

7500 San Felipe Road,
Suite 600
Telephone: 713-335-8945
Facsimile: 713-335-8945
Email: cheathamlaw@aol.com

By: /s/ Christopher Augustine Gabel
Christopher Augustine Gabel
Gabel Law, PLLC
SBN: 24089408
SDTX: 2373978
13110 Southwest Freeway
Sugar Land, TX 77478
Telephone: 512-919-9962
Email: chris@gabellawyer.com

**ATTORNEYS FOR PLAINTIFFS**