UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACKEY PETERSON, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-51 |
| | § | |
| SILVERADO SENIOR LIVING, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Silverado's Motion for Summary Judgment (Doc. #8), Plaintiffs' Response in Opposition (Doc. #15), and Defendant's Reply (Doc. #16). Defendant bases its Motion for Summary Judgment on two grounds: (1) Plaintiffs lack standing to bring their breach of contract claim, and (2) all of Plaintiffs' claims are barred by *res judicata*. Having considered the arguments and the applicable law, the Court grants Defendant's Motion as to the standing issue, but denies, without prejudice, Defendant's Motion in regard to the *res judicata* issue.

### I. Standing

Under Texas law, the general rule is that the personal representative of a decedent's estate is the only person who is entitled to sue to recover estate property. *See Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971)). There is an exception to this rule, however, that allows a decedent's heirs at law to bring suit to recover property belonging to the estate during the four-year period allowed by law. *Id.* at 31–32. To do so, the heirs "must allege and prove that there is no administration pending and none necessary." *Frazier*, 472 S.W.2d at 752. These "same general rules govern a suit to recover damages for breach of a contract made by decedent during [her] lifetime." *Id.*

In this case, Plaintiffs, as heirs to Ruby S. Peterson ("Ms. Peterson"), attempt to bring suit based on an alleged breach of contract that Ms. Peterson entered into with Defendant during her lifetime. As such, they would need to "allege and prove that there is no administration pending and none necessary." *Frazier*, 472 S.W.2d at 752. Plaintiffs have failed to do this. Further, it is undisputed that David Troy Peterson and Carol Ann Manley have been appointed as the personal representatives of Ms. Peterson's estate. As such, the personal representatives, and not Plaintiffs, have the ability to sue based on this alleged breach of contract. Accordingly, Summary Judgment on Plaintiffs' inability to bring such a claim is appropriate.[1]

## II. Res Judicata

In regard to the *res judicata* issue, the Court finds Plaintiffs' pleadings completely void of any factual assertions supporting their wrongful death claim. As such, the Court cannot appropriately evaluate whether the wrongful death claim is based on the same nucleus of operative facts as Plaintiffs' previous suits against Defendant. Accordingly, summary judgment on this issue is inappropriate at this time.

As Plaintiffs avoid summary judgment solely based on the fact that they failed to plead sufficient facts to establish their claim, fairness dictates that Plaintiffs' claims should be dismissed or replead. Accordingly, the Court HEREBY gives notice to Plaintiffs of its intention to *sua sponte* dismiss Plaintiffs' wrongful death claim based on Plaintiffs' failure to plead a plausible claim for relief. Plaintiffs are HEREBY ORDERED to file, within fourteen (14) days from the date of this Order, (1) a twenty (20) page memorandum with the Court detailing why

---

[1] Plaintiffs attempt to use Federal Rule of Civil Procedure 19(a) to get around their inability to bring such a claim. However, such a maneuver is unsupported by case law and inappropriate. As Plaintiffs did not provide, nor can the Court find, a single case in which Rule 19 was used by a Plaintiff to establish an ability to bring a claim (or compel another to bring a claim), Plaintiffs' attempt to use Rule 19 in this manner is DENIED.

2

such a dismissal would be inappropriate, or (2) an amended complaint establishing a factual basis for their wrongful death claim. If Plaintiffs fail to file one of these documents within the allotted timeframe, Plaintiffs' remaining claim will be automatically dismissed without further notice from this Court.

## III. Conclusion

For the forgoing reasons, Defendant's Motion for Summary Judgment (Doc. #8) is GRANTED as to the Breach of Contract claim, but DENIED, without prejudice to Defendant's ability to re-raise the issue at a later date, as to the *res judicata* issue.

It is so ORDERED.

JAN 3 0 2019
Date

The Honorable Alfred H. Bennett
United States District Judge